Possession alone is sufficient to maintain trespass against a wrongdoer. 1 East, 244; Graham v. Peat, *Page 268 
and the cases there cited, to-wit, 3 Burr., 1563; 2 Stra., 1238; Wiles, 221. And it is consistent with first principles, and, in fact, would be strange if it were not so; for wretched would be the policy which required the title to be shown in every instance where the peaceable possession was disturbed by an intruder who had no right. It would tend to broils and quarrels, and the possessor would resort to force to defend his possession if the law afforded him no redress. It cannot, therefore, for a moment be doubted that the law is as stated above; and, for myself, I would go further, although my brethren do not deem it necessary to express an opinion on the point that possession is prima facie
evidence of title; and until the contrary shall appear, sufficient to maintain an action on the title against a wrongdoer, ex. gr., an action of ejectment. This, of course, has reference to a case where the title is shown to be out of the State. I do not deem it necessary to say anything on constructive possession, for in the case before us the plaintiff's possession was an actual one. Possession of any part of a tract of land, there being no conflicting occupation, is an actual and not a constructive possession of the whole tract. If any part is adversely occupied under an inferior title, the possession under the good title extends to the actual adverse occupation. Here there was no adverse occupation, and the actual possession of the plaintiff was coextensive with his deed. A constructive possession is where a person has title, but no possession, and there is no one in possession, it being vacant; there the title draws to it the possession in law, or by construction of law. I think the rule for a new trial (487) should be discharged and judgment entered for the plaintiff.